UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TODD MCELROY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DISTRICT COURT FOR )<br>THE SOUTHERN DISTRICT )<br>OF GEORGIA, )<br>MAGISTRATE JUDGE )<br>G. R. SMITH, )<br>DISTRICT JUDGE )<br>WILLIAM T. MOORE, JR., and )<br>U.S. EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION, )<br>)<br>    Defendants. ) | CV421-196 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Todd McElroy, appearing *pro se*, has submitted a Complaint challenging aspects of a 2016 employment-discrimination case. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Docs. 2. After reviewing his motion, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed IFP. *Id*. Upon a preliminary review, and for the following reasons, the Court **RECOMMENDS** that the Complaint be **DISMISSED**.

## I. Standard of Review

As plaintiff has been granted leave to proceed IFP, the Court must screen the Complaint pursuant to 28 U.S.C. §1915(e). Under this provision, the Court is required to dismiss any claim that is found to be frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere

speculation, *Bell Atl. Corp.*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. Analysis

Plaintiff has brought suit against a federal district court, two federal judges, and a federal government agency. Doc. 1. Though not clearly articulated, it appears that his claims are derived from his dissatisfaction with an employment discrimination case that was concluded in July 2017. *Id.*; *see also McElroy v. Savannah Tech. Coll.*, CV4:16-206 (S.D. Ga. Oct. 26, 2016). From the limited facts provided, the Court is unable to conjure a cognizable claim for relief. "Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citations omitted). In this case, however, any attempt at amendment would be futile and immediate dismissal is appropriate. *Id.*; *see also Smith v. Hildebrand*, 244 F. App'x. 288, 290 (11th Cir. 2007) ("A court is not required to permit a plaintiff to amend her pleadings where amendment

would be futile." (citing *Corsello v. Lincare*, 428 F.3d 1008, 1014–15 (11th Cir. 2005)).

Plaintiff ostensibly brings this claim under *Bivens v. Six Unknown Named Agents*, which established that victims of constitutional violations by federal agents have a right to recover damages against federal agents in federal court. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *see also* doc. 1 at 3 (specifying the basis of the Court's jurisdiction as a *Bivens* claim). The statute of limitations for *Bivens* actions is the same as that applicable to personal-injury torts under state law. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33. A statute of limitations begins to run when a plaintiff knows or reasonably should know of the injury and basis for the action. *Giddens v. Lawson*, 734 F. App'x 706, 710 (11th Cir. 2018). Though the claims asserted are not clearly articulated, plaintiff alleges that the underlying events occurred no later than July 28, 2017, the date on which Judge Moore denied his motion for leave to appeal *in forma pauperis*. Doc. 1 at 4; *see also McElroy v. Savannah Tech. Coll.*, CV4:16-206, doc. 13 (S.D. Ga. Jul.

28, 2017)). As this case was filed nearly four years after this event, any *Bivens* claims are untimely and should be dismissed.

Furthermore, even if the claims were timely, all of the named defendants are immune from civil suit. As instrumentalities of the federal government, the Equal Employment Opportunity Commission (EEOC) and the United States District Court for the Southern District of Georgia are entitled to sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 661 (11th Cir. 2009) (recognizing the EEOC as an agency entitled to sovereign immunity); *Rutherford v. United States Dist. Ct.*, 425 F. App'x 400, 400 (5th Cir. 2011) ("As a unit of the judicial branch of the federal government, the United States District Court is entitled to sovereign immunity, and the district court lacked jurisdiction to entertain Rutherford's claims against it."). As neither the EEOC nor the federal courts have expressly waived their immunity for suits of this nature, plaintiff's claims against them are barred.

Judges Moore and Smith are also entitled to absolute judicial immunity from damages for those acts taken while they are acting in their

judicial capacity unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction, *see Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986), and extends to all claims, whether for damages or for injunctive relief, *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000). Plaintiff has not alleged that Judges Moore and Smith lacked jurisdiction to consider his employment discrimination case; rather, he seems to believe that result of the case was incorrect.[1]  Therefore, they also enjoy absolute immunity from his claims.

Accordingly, plaintiff's motion to for leave to proceed *in forma pauperis* is **GRANTED**. Doc. 2. As plaintiff has failed to state a claim of

---

[1] Plaintiff's original complaint was dismissed for failing to state a claim on which relief could be granted. *McElroy v. Savannah Tech. Coll.*, CV4:16-206, doc. 11 (S.D. Ga. Oct. 26, 2016) (Order Dismissing). Prior to dismissal, the Court notified plaintiff of the deficiencies with his complaint and afforded an opportunity to file an amendment. *McElroy v. Savannah Tech. Coll.*, CV4:16-206, doc. 3 (S.D. Ga. Aug. 16, 2016) (Order). The Amended Complaint failed to resolve the identified deficiencies. *McElroy v. Savannah Tech. Coll.*, CV4:16-206, doc. 7 (S.D. Ga. Oct. 26, 2016) *adopting* doc. 5 (S.D. Ga. Aug. 22, 2016) (Report and Recommendation).

which relief can be granted and all named defendants are immune from suit, the Court **RECOMMENDS** that this Complaint be **DISMISSED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 12th day of July, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA